O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Integrated Sports Media, Inc., | ) ) ) | CV 10-7392 RSWL (AJWx) |
| Plaintiff, | ) ) | **ORDER Re: Defendants' Motion for Relief From** |
| v. | ) ) | **Admissions [36]** |
| Jorge Canseco and Marina L. Canseco, individually and d/b/a Los Tres Amigos Restaurant, | ) ) ) ) ) ) | |
| Defendants. | ) | |

On October 26, 2011, Plaintiff Integrated Sports Media, Inc. ("Plaintiff") filed a Motion for Partial Summary Judgment, in which Plaintiff asserted that Defendants did not respond to Plaintiff's Requests for Admissions [29].  In response, on November 21, 2011, Defendants Jorge Canseco and Marina L. Canseco's ("Defendants") filed the present Motion for Relief from Admissions [36], which was filed in conjunction with Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.  The Court took the present Motion for Relief from Admissions under submission on

1

December 5, 2011. The Court having reviewed all papers submitted pertaining to this Motion **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Defendants' Motion for Relief from Admissions. Pursuant to Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Upon a motion by the responding party, the court may permit the admissions to be withdrawn or amended. Fed. R. Civ. P. 36(b). Rule 36(b), however, is permissive, not mandatory, with respect to withdrawal fo admissions. See <u>Asea, Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1248 (9th Cir. 1981).

In the Ninth Circuit, a two-part test determines whether the withdrawal or amendment is permissible: "(1) the presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." <u>Hadley v. United States</u>, 45 F.3d 1345, 1348 (9th Cir. 1995); Fed. R. Civ. P. 36(b). The party, however, "who obtained the admission has the burden of proving that the withdrawal of the admission would prejudice that party's case." <u>Id.</u> (citing <u>FDIC v. Prusia</u>, 18 F.3d 637, 640 (8th Cir. 1994)). With regards to the prejudice, the court looks at the "difficulty a party

may face in proving its case, e.g., because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." Hadley, 45 F.3d at 1348 (quoting Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982). Here, the Court finds that Defendants have satisfied the Ninth Circuit's two-prong requirement for withdrawal of admissions.

In general, the "first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." Hadley, 45 F.3d at 1348. Here, deeming Plaintiff's Requests for Admissions as admitted by Defendants would effectively preclude any presentation on the merits. The Court finds that Plaintiff's Requests for Admissions are all encompassing and act as admissions of every element required for a violation of 47 U.S.C. §§ 605 and 553, the television broadcast statutes that serve as the basis of Plaintiff's Complaint. Though it is true that Plaintiff does make an alternative argument in its motion for summary judgment, the summary judgment motion is centered on the deemed admissions, and the Court finds that the deemed admissions would "practically eliminate any presentation" on the merits of Plaintiff's claims.

As to the second prong, Plaintiff has the burden of establishing that it will be prejudiced if the admissions are withdrawn. Hadley v. United States, 45

F.3d at 1348.  This prejudice relates to "the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."  Id. (internal citations omitted).  Prejudice is more likely to be found where the motion for withdrawal is made during trial or when a trial is imminent.  Id.  Here, Plaintiff complains that Defendants inexplicably waited almost two months before seeking relief from the admissions, and the delay has prejudiced Plaintiff's case.

    The Court finds, however, that the lack of discovery and the resulting delay in litigation does not rise to the level of prejudice required by Rule 36(b).  The Ninth Circuit has made clear that it has been "reluctant to conclude that a lack of discovery, without more, constitutes prejudice."  Colon, 474 F. 3d at 624.  Here, the Court finds that Plaintiff fails to point to specific evidence or testimony that is now inaccessible because of Defendants' untimely responses to its Requests for Admissions.  On the contrary, Plaintiff intimates in its summary judgment motion that even if this Court were to disregard all the Requests for Admissions, Plaintiff would still not be prejudiced in its ability to prove the merits of its case.  More specifically, Plaintiff argues that irrespective of the admissions, an analysis of the other pieces of evidence

shows that there are, nonetheless, no genuine issues of material fact that would preclude this Court from making a finding for Plaintiff.  Furthermore, because Trial does not take place until May 22, 2012, Plaintiff is not unduly prejudiced by a withdrawal of admissions that leaves it with a significant disadvantage in its preparation for trial.  <u>Hadley v. United States</u>, 45 F.3d at 1348 (holding that prejudice is more likely to be found where the motion for withdrawal is made during trial or when a trial is imminent).

   In sum, because both prongs of the Ninth-Circuit test are satisfied, this Court hereby **GRANTS** Defendants' Motion for Relief from Admissions.  As such, Plaintiff's Requests for Admissions will not be deemed admitted.

**IT IS SO ORDERED.**

DATED: February 8, 2012

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge
