O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Integrated Sports Media, Inc., <br><br>   Plaintiff, <br><br>   v. <br><br> Jorge Canseco and Marina L. Canseco, individually and d/b/a Los Tres Amigos Restaurant, <br><br>   Defendants. | CV 10-7392 RSWL (AJWx) <br><br> **ORDER Re: Plaintiff's Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a) [29]** |

Before the Court is Plaintiff Integrated Sports Media, Inc.'s ("Plaintiff") Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a) [29]. This Motion was set for hearing on December 13, 2011 and taken under submission on December 5, 2011. Having reviewed all the papers and arguments submitted pertaining to this Motion, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS in Part and DENIES in Part** Plaintiff's Motion for Summary Judgment.

///

1

## I. BACKGROUND

Plaintiff, a New Jersey Corporation, was granted the exclusive nationwide commercial distribution rights to the CONCACAF World Cup Qualifier Tournament, which was broadcasted nationwide on Wednesday, October 14, 2009 ("the Program"). Plaintiff's distribution rights included all interviews and game commentary encompassed in the broadcast. Pursuant to a contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the program.

On October 14, 2009, without Plaintiff's authorization, however, Defendants Jorge Canseco and Marina Canseco ("Defendants") exhibited the Program at their commercial establishment, Los Tres Amigos Restaurant, which is located in Los Angeles, California.

On October 4, 2010, Plaintiff filed suit against Defendants, alleging violations of (1) 42 U.S.C. § 605, (2) 42 U.S.C. § 553, (3) and Conversion.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. <u>Anderson v. Liberty</u>

1 Lobby, 477 U.S. 242, 248 (1986).

2   A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (2007).

11   Once the moving party makes this showing, the non-moving party must set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 322. The non-moving party is required by Federal Rule of Civil Procedure Rule 56(e) to go beyond the pleadings and designate specific facts showing a genuine issue for trial exists. Id. at 324.

### III. ANALYSIS

**A. Evidentiary Objections**

As a preliminary matter, the Court **SUSTAINS in part and OVERRULES in part** Evidentiary Objections submitted by Defendants pertaining to the Affidavits of Doug Jacobs and Matt Brown.

First, citing to a Seventh Circuit case, Defendants object to the use of the Affidavits of Doug Jacobs and Matt Brown on the ground that the affidavits were "not sworn as to truthfulness or under penalty of perjury. See Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985).

In general, affidavits are admissible in summary judgment proceedings if they are made under penalty of perjury. Id.; 28 U.S.C. § 1746. Though both affidavits do not explicitly state that they are "sworn under the penalty of the perjury," the affidavits do contain other indicia of their truthfulness -- bearing the signatures of Notary Publics who attest that the affidavits were sworn before them. As such, this Court **OVERRULES** Defendants' objection pertaining to the truthfulness of the Affidavits of Doug Jacobs and Matt Brown. Peters v. United States, 408 F.2d 719, 722 (Ct. Cl. 1969) ("the absence of the formal requirements [in]. . . sworn affidavits [does] not invalidate the statements or render them inadmissible [if] they were actually sworn to before an officer authorized to administer an oath."); accord Dickinson v. Wainwright, 626 F.2d 1184 (5th Cir. 1980).

In addition, Defendants also object individually to certain paragraphs in the Affidavit of Doug Jacobs. The Court rules as follows:

- **SUSTAINS** the Evidentiary Objection pertaining to portions of ¶ 7 that concern the affidavit of Matt Brown because the statements are hearsay; the Court, however, **OVERRULES** the Evidentiary Objection pertaining to the remaining portion of ¶ 7 that concern whether Plaintiff licensed the Program to Defendants.
- **OVERRULES** the Evidentiary Objections as to ¶9.

4

1 - **SUSTAINS** the Evidentiary Objections as to ¶ 10
2  because the statements are hearsay.
3 - **SUSTAINS** the Evidentiary Objections as to ¶ 11 and
4  ¶12 as not relevant to the issue of liability.
5 - **OVERRULES** the Evidentiary Objections as to ¶¶ 13-
6  17.
7 - **SUSTAINS** the Evidentiary Objection as to ¶ 18
8  because the statements constitute improper lay
9  opinion pursuant to Federal Rule of Evidence 701.
10 - **SUSTAINS** the Evidentiary Objection as to the prayer
11  for damages on the end of page as not relevant to
12  the issue of liability.

**B. Partial Summary Judgment Motion**

    i. *Plaintiff's Section 605 Claim*

Plaintiff's first claim alleges that Defendants' unauthorized interception and exhibition of the Program violated section 605 of the Federal Communications Act of 1934, as amended. Section 605, "prohibits the unauthorized interception of encrypted closed-circuit telecasts." See Garden City Boxing Club, Inc. v. Lan Thu Tran, 2006 WL 2691431, at *1 (N.D. Cal. Sept.20, 2006) (citing 47 U.S.C. § 605(a)). In particular, Section 605 "prohibits commercial establishments from intercepting and broadcasting satellite cable programming without a license." J&J Sports Prods., Inc. v. Basto, 2011 WL 566843, at *1 (N.D. Cal. Feb. 14, 2011). If a commercial establishment broadcasts a program without authorization, "any person with

proprietary right in the intercepted communication" may bring a civil action in the United States District Court. See <u>J&J Sports Prods., Inc. v. Morales</u>, 2011 WL 6749089, at *2 (N.D. Cal. Dec. 22, 2011) (citing §605(d-e)).

Thus, to establish liability under 47 U.S.C. § 605, Plaintiff must show that there are no genuine issues of material fact that: (1) Plaintiff had a proprietary right in the Program, (2) Defendants did not receive authorization from Plaintiff to broadcast the Program, and (3) Defendants broadcasted the Program through the use of a satellite television receiver.

In support of the Motion for partial summary judgment, Plaintiff submits the Affidavit of its President, Doug Jacobs, who testifies that Plaintiff purchased and retained the commercial exhibition licensing rights to the Program and thereafter sublicensed those rights to its commercial customers. Jacobs Affidavit ¶ 3. Jacobs further testifies that domestic commercial establishments contracting with Plaintiff were required to pay Plaintiff a commercial sublicense fee to broadcast the Program, and at no time did Defendants' establishment, Los Tres Amigos Restaurant, pay Plaintiff a sublicense fee. Moreover, the fact that Plaintiff retained the commercial exhibition licensing rights to the Program is corroborated by the Program's rate card, which is attached as an exhibit to the Jacobs Affidavit. Jacobs

6

1  Affidavit at Ex. 2.  In addition, Plaintiff also
2  submits the affidavit of private investigator Matt
3  Brown, who testifies that on the evening of October 14,
4  2009, the night the Program was telecast, he entered
5  Los Tres Amigos and observed a soccer match between El
6  Salvador and Honduras displayed on one television
7  mounted on the eastern wall.  Brown further testifies
8  that he paid a five dollar cover charge to enter the
9  establishment.
10      From these facts, the Court finds that Plaintiff
11 has met its initial burden to show that Plaintiff had
12 the rights to the Program, that Defendants never
13 received the authorization from Plaintiff to broadcast
14 the Program, and that Defendants broadcasted the
15 Program at their restaurant.  As such, the burden
16 shifts to Defendants "to present evidence establishing
17 the existence of a genuine dispute as to" any of these
18 elements.  See Matsushita Elec. Indus. Co., Ltd. v.
19 Zenith Radio Corp., 475 U.S. 574, 585–86 (1986).  The
20 Court finds, however, that Defendants fail to meet
21 their burden.  In their Opposition, Defendants do not
22 actually dispute the validity of any of the facts
23 listed above.  In fact, Defendants offer a Declaration
24 from Aldo Napoles, Defendant Jorge Canseco's son-in-
25 law, in which Napoles testifies that the Program was
26 shown at Los Tres Amigos Restaurant through Dish
27 Network, a satellite television provider.  Moreover, in
28 their own Declarations, both Defendant Marino Canseco

and Defendant Jorge Canseco, admit to being the owner of Los Tres Amigos Restaurant and admit that the Program was shown at the restaurant.

Notwithstanding, Defendants' primary argument against granting summary judgment is that there exists a genuine issue of material fact pertaining to whether Defendants intended to violate section 605. More specifically, Defendants present evidence that tends to show that Defendants "had no personal knowledge of any licensing requirement" and did not know that they had to receive authorization from Plaintiff to show the Program at their commercial establishment. This Court, however, finds that Defendants' defense against summary judgment lacks merit. The Supreme Court has held that "ignorance of the law will not excuse any person, either civilly or criminally." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, ---U.S. ---, ---, 130 S.Ct. 1605, 1611 (2010) (internal quotation marks omitted). Here, Defendants' argument is in effect an "ignorance of the law" defense, which is not a defense to Section 605 liability. See e.g., J & J Sports Prods., Inc. v. Enedina Soto, 2010 WL 3911467, at *2 (S.D. Cal. Sept. 28, 2010) (striking a "mistake of law" affirmative defense because "even if Defendants can show they did not know they were violating the law, their liability is not excused").

Accordingly, based on the foregoing, the Court finds that Plaintiff has met its initial burden of

showing that (1) Defendants did not obtain a license from Plaintiff to receive the signal for the Program at Defendants' restaurant, (2) the Program was unlawfully received and exhibited at Defendants' restaurant on October 14, 2009, and (3) Defendants broadcasted the Program using a satellite receiver.  Defendants, on the other hand, have not met their burden in creating a genuine dispute of fact in regard to any of these elements.  Accordingly, Plaintiff's Motion for Partial Summary Judgment is **GRANTED** as to Defendants' liability on the section 605 claim.

ii.   *Plaintiff's Section 553 Claim*

Plaintiff's second claim alleges that Defendants' unauthorized interception and exhibition of the Program violated section 553 of the Federal Cable Communications Policy Act of 1992, as amended.  Section 553(a)(1) provides in pertinent part: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C. § 553(a)(1).  "Any person aggrieved by a violation of subsection (a)(1)" may bring a civil action for actual or statutory damages for each violation.  47 U.S.C. § 553(c)(3)(A).

Sections 553 and 605 are similar in that they both prohibit the unauthorized display of television programming.  Section 553, however, applies exclusively

to broadcasts over a cable system, whereas section 605 applies to transmissions over satellite television. J & J Sports Prods., Inc. v. Manzano, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008).

Similar to 47 U.S.C. § 605, to establish liability under section 553, Plaintiff must show that there are no genuine issues of material fact pertaining to whether: (1) Plaintiff has a proprietary right in the Program, and (2) Defendants did not have the authorization from Plaintiff to broadcast the Program. However, unlike section 553, Plaintiff can only recover if Defendants obtained the broadcast over a cable system.

Here, the Court finds that there is a genuine issue of material fact pertaining to whether the Program was broadcasted into Defendants' establishment over a cable system. Defendants proffer the Declaration of Aldo Napoles, which states that the Program was broadcasted at Defendants' restaurant through the use of Dish Network, a satellite television provider. As such, Defendants have raised a genuine issue of material fact pertaining to whether Defendants also used a "cable service" to broadcast television in their restaurant. As such, Plaintiff's Motion for Partial Summary Judgment must be denied as to the section 553 claim.

   iii. *Plaintiff's Conversion Claim*

The third claim asserts that Defendant's alleged

misappropriation of the Program constituted conversion. In California, conversion is "the wrongful exercise of dominion over" property belonging to another. <u>Burlesci v. Petersen</u>, 68 Cal. App. 4th 1062, 1066 (1998). The elements of conversion are "(1) the plaintiff's ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages." <u>Fremont Indemnity Co. v. Fremont General Corp.</u>, 148 Cal. App. 4th 97, 119 (2007). As applied in the context of this case, courts have found that intangible personal property such as television signals may be the subject of a conversion action. See <u>Don King Productions/Kingvision v. Lovato</u>, 911 F. Supp. 419, 423 (N.D. Cal. 1995).

    Here, consistent with the above analysis for section 605 and 553, the Court finds that Plaintiff has met its initial burden of establishing the elements of conversion. Plaintiff has proffered facts showing that (1) Plaintiff owned the commercial broadcast rights to the Program, (2) Defendants broadcasted the Program without the authorization of Plaintiff, and (3) Plaintiff did not receive the normal compensation that they would have received if Defendants had signed a contract with Plaintiff to permit Defendants to show the Program at their commercial establishment. Again, Defendants have failed to raise a genuine issue of

material fact in regard to any of these elements. Accordingly, Plaintiff's Motion for Partial Summary Judgment must be granted as to Defendants' liability on Plaintiff's conversion claim.

### III. CONCLUSION

In sum, the Court hereby **GRANTS in Part and DENIES in Part** Plaintiff's Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a). The Court **GRANTS** partial summary judgment as to Defendants' liability in Plaintiff's section 605 and conversion claims. The Court, however, **DENIES** partial summary judgment as to Defendants' liability as it pertains to Plaintiff's section 553 claim.

**IT IS SO ORDERED.**

DATED: February 27, 2012

*RONALD S.W. LEW*

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge